UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, for the use of PREFERRED MASONRY RESTORATION, INC.,

                                Plaintiff,

    v.

INTERNATIONAL FIDELITY INSURANCE COMPANY,

                                Defendant.

No. 17-CV-1358 (KMK)

OPINION & ORDER

Appearances:

Kevin T. Conklin, Esq.
Mead, Hecht, Conklin & Gallagher
White Plains, NY
*Counsel for Plaintiff*

Thomas P. Stevens, Esq.
Flamm Walton Heimbach
Blue Bell, PA
*Counsel for Plaintiff*

Matthew E. Ward, Esq.
The Ward Firm, PLLC
Baldwinsville, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

       Preferred Masonry Restoration, Inc. ("PMRI" or "Plaintiff") brings the instant Action against International Fidelity Insurance Company ("IFIC" or "Defendant"), alleging breach of contract. Before the Court is a Motion To Intervene and To Stay (the "Motion") filed by Defendant on behalf of itself and its principal, S.J. Thomas Co., Inc. ("SJTC"), the putative intervenor. (Not. of Mot. (Dkt. No. 63).) For the reasons that follow, the Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint, (Compl. (Dkt. No. 1)), and Defendant's Answer, (Answer (Dkt. No. 11)). The Court recounts only those facts necessary for consideration of the instant Motion.

SJTC is a general contracting company. (Compl. ¶¶ 7–8.) SJTC was the prime contractor on a federally-funded restoration project (the "Project"). (*Id.* ¶¶ 6, 9; Answer ¶ 24.) Pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, SJTC was required to post a labor and material payment bond on the Project, and, accordingly, Defendant IFIC, as SJTC's agent, did so on May 26, 2015. (Compl. ¶¶ 9–10; Answer ¶ 24.)

Plaintiff PMRI is a masonry restoration contractor. (Compl. ¶ 1.) On May 14, 2015, SJTC and Plaintiff entered into a contract (the "Contract") in which Plaintiff agreed to do certain work for SJTC on the Project. (Id. ¶¶ 12–18; Answer ¶ 24; Compl. Ex. A (Contract) (Dkt. No. 1-1).)

Plaintiff alleges that it completed substantial work on the Project through August 2016 — when SJTC "barred" it from further performance — and that notwithstanding Plaintiff's performance, SJTC only paid Plaintiff a portion of the amount due under the Contract. (Compl. ¶¶ 25–32, 41, 44.) Defendant brings two counterclaims against Plaintiff, alleging breach of contract by failing to timely and adequately perform, (Answer ¶¶ 26–27), and by providing SJTC with defective materials, (*id.* ¶ 30).

B. Procedural History

Plaintiff filed the Complaint on February 23, 2017. (Compl. (Dkt. No. 1).) Defendant's Answer was filed on March 29, 2017. (Answer (Dkt. No. 11).) Plaintiff's Answer to the

counterclaims was filed on April 17, 2017. (Pl.'s Answer (Dkt. No. 13).) The Court held an initial conference on October 10, 2017, after which it adopted a case management plan, (Dkt. No. 18), which was amended on January 9, 2018, (Dkt. No. 26).

On April 30, 2018, Defendant filed a pre-motion letter in anticipation of moving to stay the case pending arbitration. (Dkt. No. 36.) Plaintiff filed a response on May 3, 2018. (Dkt. No. 38.) The Court held a conference on July 19, 2018 addressing the issue. (Dkt. (minute entry for July 19, 2018).) On August 1, 2018, Defendant filed a pre-motion letter in anticipation of filing a motion to intervene and to stay on behalf of SJTC. (Dkt. No. 49.) On August 10, 2018, Plaintiff filed a responsive letter. (Dkt. No. 58.) The Court held a conference on September 12, 2018 addressing the issue, after which it adopted a briefing schedule. (Dkt. No. 60.)

On October 23, 2018, Defendant and SJTC filed the instant Motion To Intervene and To Stay. (Not. of Mot. (Dkt. No. 63); Mem. of Law in Supp. of Mot. ("Def.'s Mem.") (Dkt. No. 64); Aff. of Matthew E. Ward, Esq. in Supp. of Mot. ("Def.'s Decl.") (Dkt. No. 65).) On October 24, 2018, Plaintiff filed a response in opposition. (Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 66).) On November 2, 2018, Defendant filed a reply. (Reply Aff. of Matthew E. Ward, Esq. in Supp. of Mot. ("Def.'s Reply") (Dkt. No. 67).)

## II. Discussion

### A. Intervention

#### 1. Applicable Law

Federal Rule of Civil Procedure 24 permits a party to intervene in ongoing litigation as of right or by permission of the court.[1] In seeking intervention under Rule 24, the "putative

---

[1] A court must permit a timely application to intervene where the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so

3

intervenor bears the burden of demonstrating" that it meets the requirements for intervention. *Parris v. Fremont Inv. & Loan*, No. 14-CV-6907, 2017 WL 10259778, at *2 (E.D.N.Y. Aug. 31, 2017) (collecting cases). While accepting "as true the non-conclusory allegations of the motion," courts applying Rule 24 "must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (citation and quotation marks omitted).

For intervention as of right under Rule 24(a)(2), as sought here, the moving party must show "(1) that its motion was timely, (2) that it has an interest in the action, (3) that an unfavorable ruling may, as a practical matter, impair its interest, and (4) that its interest is not otherwise protected. *Parris*, 2017 WL 10259778, at *2 (quotation marks omitted) (quoting *Long Island Trucking, Inc. v. Brooks Pharm.*, 219 F.R.D. 53, 54 (E.D.N.Y. 2003)); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (same); *St. John's Univ. v. Bolton*, 450 F. App'x 81, 83 (2d Cir. 2011) (same). "All four parts must be satisfied." *Parris*, 2017 WL 10259778, at *2 (citation omitted); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (same).

The threshold inquiry is whether the application for intervention is timely. Among the factors to be considered are "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes*, 25 F.3d at 70. While courts use these four factors as a guide, the determination of whether a motion to intervene is timely must be

---

situated that disposing of the action may . . . impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

"evaluated against the totality of the circumstances before the court." *D'Amato*, 236 F.3d at 84 (citation and quotation marks omitted); *see also Pitney Bowes*, 25 F.3d at 70 (explaining that "[t]imeliness defies precise definition"); *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986) ("The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." (citations omitted)); *Parris*, 2017 WL 10259778, at *2 ("The Court has broad discretion to determine the timeliness of a motion to intervene." (citation omitted)). Nevertheless, "the length of time the applicant knew or should have known of his interest before making the motion" is "[a]mong the most important factors" to be considered in determining timeliness. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 233 (2d Cir. 1996) (citation and quotation marks omitted).

### 2. Application

#### a. Timeliness

Plaintiff argues that the Motion To Intervene is untimely. (Pl.'s Mem. 10–11.) In Plaintiff's view, SJTC had at least constructive notice of this litigation at the time it was filed in February 2017, given the principal-agent relationship between SJTC and Defendant and the fact that the two organizations share counsel, yet did not seek leave to file the instant Motion until filing a pre-motion letter in August 2018, some eighteen months later. (*Id.*; *see also* Dkt. No. 49 (Aug. 1, 2018 pre-motion letter from Defendant to Court).)

The Court concludes that, notwithstanding this considerable length of time, there are certain circumstances that mitigate Defendant and SJTC's failure to make a prompter application to intervene. As Defendant points out, following initiation of this Action, the Parties participated in (unsuccessful) mediation in April 2017, pursuant to the terms of the Contract; an initial conference was not held until October 2017; and Plaintiff's owner, Robert Neas ("Neas"), had

serious health issues beginning in late October 2017, thus causing litigation to effectively halt until March 2018. (Def.'s Mem. 5–6, 14–15; *see also* Dkt. Nos. 23, 25, 32 (letters indicating Neas's illness).) Once Neas indicated that he was ready to continue with litigation, (Dkt. No. 32), Defendant filed a pre-motion letter in April 2018 seeking to stay the case for contractually-mandated arbitration, after which the Court held a conference in July 2018 and directed that Defendant file a new pre-motion letter regarding the instant Motion To Intervene, (Dkt. No. 36). Put simply, this Action was dormant for several months for reasons outside Defendant's control.

Further, as to "the most significant criterion in determining timeliness," that is, whether the delay "has prejudiced any of the existing parties," *Pike Co., Inc. v. Universal Concrete Prods., Inc.*, 284 F. Supp. 3d 376, 395 (W.D.N.Y. 2018) (citation and quotation marks omitted), Plaintiff has not shown that it has suffered prejudice from the delay. Plaintiff argues that "there have been substantial motions" in this Action and that it "is a small contractor with a single shareholder, Robert Neas, and the prosecution and adjudication of this case is important, costly, and will only become more costly if there are further delays." (Pl.'s Mem. 7, 13.) Yet, contrary to Plaintiff's representation, "no substantive proceedings have yet taken place in the [A]ction." *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Ins. Co.*, 226 F.R.D. 485, 488 (S.D.N.Y. 2005). Although some discovery disclosures have been made, no depositions have been taken; nor have any other motions (e.g., to dismiss, to compel production) been filed. (Pl.'s Mem. 8; Def.'s Mem. 7, 17–18; Def.'s Reply ¶¶ 7, 9.) *See Pike*, 284 F. Supp. 3d at 395 (noting that the putative intervenor "did not wait until a critical juncture in this litigation before filing its motion" (citations omitted)); *cf. Griffin v. Sheeran*, 767 F. App'x 129, 134 (2d Cir. 2019) (noting that permitting intervention "would prejudice [the non-moving party] because it would lead to the reopening of discovery"); *Rudolph v. Hudsons Bay Co.*, No. 18-CV-8472, 2019 WL 1416986, at

6

*2 (S.D.N.Y. Mar. 29, 2019) (holding intervention untimely where the putative intervenor "waited until the filing of a fully-briefed motion to dismiss to speak up"). Nor is there any indication that Defendant or SJTC has engaged in "dilatory tactics." *Pike*, 284 F. Supp. 3d at 395. Plaintiff thus fails to show that it has been prejudiced by the delay. Moreover, as Defendant argues, SJTC's intervention may well *benefit* Plaintiff, in that it would permit Plaintiff to bring a claim for alleged delay damages against SJTC, (Def.'s Mem. 7), and allow for more efficient "direct litigation" between Plaintiff and SJTC, the entity with which Plaintiff contracted, (*id.* at 11).

By contrast, SJTC may be prejudiced were its application for intervention denied, given that it seeks to bring several of its own claims against Plaintiff — for breach of contract, breach of implied and express warranties, common law fraud, implied indemnification, and common law indemnification — and that it may be subject to inconsistent rulings were it required to file those personal claims in a separate action. (Def.'s Mem. 7; Def.'s Decl. Ex. B (proposed Intervenor-Complaint).) *See U.S. ex rel. Milestone Tarant, LLC/Highland Ornamental Iron Works, Inc. v. Fed. Ins. Co.*, 815 F. Supp. 2d 36, 38–39 (D.D.C. 2011) ("[The putative intervenor] is liable to [the defendant] for amounts [the defendant] pays to [the putative intervenor's] subcontractors — including the [plaintiff] — and would therefore be subject to the possibility of multiple or inconsistent rulings if [the putative intervenor's] and [the defendant's] liability are not determined simultaneously." (citation omitted)); *see also Prestige Builder & Mgmt. LLC v. Safeco Ins. Co. of Am.*, No. 12-CV-1947, 2013 WL 1739625, at *1 (E.D.N.Y. Apr. 23, 2013) ("A general contractor can intervene as of right in a subcontractor's suit against a surety on a payment bond where the defendant surety is unable to represent adequately [the

general contractor's] interest because it cannot interpose [the general contractor's] personal defenses or claims." (citation, quotation marks, and alteration omitted)).

The Court therefore declines to conclude, having considered "the totality of the circumstances," *D'Amato*, 236 F.3d at 84, that the Motion To Intervene is untimely. *See Pitney Bowes*, 25 F.3d at 71 (noting that courts have permitted intervention where the delay was "much longer than" eight months); *S&S Kings Corp. v. Westchester Fire Ins. Co.*, No. 16-CV-2016, 2017 WL 396741, at *2 (S.D.N.Y. Jan. 27, 2017) (finding intervention timely where, inter alia, the motion was filed "before discovery had begun"); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99-CV-11395, 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000) (noting that a five-month delay was not so protracted to render the motion untimely, even though discovery had already progressed for "several months"); *cf. Trs. of Nat'l Ret. Fund v. Fireservice Mgmt. LLC*, 384 F. Supp. 3d 412, 420 (S.D.N.Y. 2019) (finding intervention untimely where intervention was not sought for nearly a year after filing of the complaint and where discovery was nearly closed).

### b. Remaining Factors

As to the second and third factors under Rule 24(a)(2), there is no dispute that SJTC has a concrete interest in the instant Action that could be impaired were the application to intervene denied. SJTC is Defendant's principal, the party with which Plaintiff contracted, and the principal on the bond against which Plaintiff seeks to collect. (Def.'s Mem. 8–9.) Accordingly, should Plaintiff prevail in this Action, SJTC may be required to indemnify Defendant. *See S&S Kings*, 2017 WL 396741, at *2 (holding that the putative intervenor "ha[d] a clear interest in [the] litigation," where it was "the principal on the payment bond against which [the plaintiff] [sought] to collect," where the putative intervenor and the defendant would be "jointly and severally liable to [the plaintiff]," and where the putative intervenor would "be obligated to

8

indemnify [the defendant] if [the plaintiff] prevails" (collecting cases)); *Prestige Builder*, 2013 WL 1739625, at *1 (granting motion to intervene where the putative intervenor was "a party to contracts at issue in this action" and where it "must reimburse [the defendant] if [the plaintiff] recovers damages").[2] Further, "because the key issue to be determined in this case is [SJTC's] liability under the [Contract], judgment in this [A]ction may have preclusive effects in any subsequent action [SJTC] brings against [Plaintiff], where the same issue would likely arise." *S&S Kings*, 2017 WL 396741, at *2 (citation omitted); *see also Mehedi v. Memry Corp.*, No. 17-CV-809, 2017 WL 2873224, at *5 (D. Conn. July 5, 2017) ("Any judgment in this action may have preclusive effects upon [the putative intervenor's] ability to bring a subsequent action for workers' compensation against [the defendant].").

Finally, as to the fourth factor under Rule 24(a)(2), SJTC's interests may not be adequately protected by the current Parties in this Action, for, as noted above, SJTC itself seeks to bring certain of its own claims against Plaintiff. (Def.'s Mem. 9–10; Def.'s Decl. Ex. B (proposed Intervenor-Complaint).) SJTC could assert those claims directly in this Action as counterclaims. *See S&S Kings*, 2017 WL 396741, at *3 (holding that the putative intervenor's "interests [were] not adequately protected by the parties," because "it intend[ed] to seek affirmative monetary claims against [the plaintiff], which it could assert as counterclaims" (quotation marks omitted)); *Prestige Builder*, 2013 WL 1739625, at *1 (granting motion to intervene where "only [the putative intervenor] can assert its counterclaims based on the same two contracts at issue in this action"); *cf. Union Switch & Signal*, 226 F.R.D. at 489 (holding fourth factor not satisfied where "[b]oth the [defendants'] Answer and the [putative intervenor's]

---

[2] Plaintiff acknowledges "that there is an indemnification agreement between [Defendant] and [SJTC]." (Pl.'s Mem. 12.)

9

proposed Answer and Third-Party Complaint assert the same affirmative defenses . . . , and further contain identically-worded denials in response to [the plaintiff's] substantive allegations"). Further, although Plaintiff emphasizes that Defendant and SJTC share counsel, "[P]laintiff fails to provide any support for its notion that the retention of identical counsel . . . indicates that [SJTC] is already receiving adequate representation by [Defendant]"; indeed, "it does not automatically follow that counsel would continue to represent [SJTC's] interests even if it were not allowed to proceed as a party in this case." *Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 30 n.2 (D.D.C. 2010); *cf. E. End Sols. Inc. v. Westchester Fire Ins. Co.*, No. 16-CV-3847, 2017 WL 6507230, at *3 (S.D.N.Y. July 25, 2017) (denying motion to intervene where the "[d]efendant and [the putative intervenor] are represented by the same counsel and both parties have essentially raised the same defenses" and where the putative intervenor "is not subject to any direct liability based upon [the plaintiffs'] claims").

In sum, having considered the "totality of the circumstances," *D'Amato*, 236 F.3d at 84, the Court concludes that SJTC is entitled to intervene in this Action pursuant to Rule 24(a)(2).

B. Stay of Proceedings

Defendant and SJTC move under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to stay this Action pending the outcome of arbitration between SJTC and Plaintiff. (Def.'s Mem. 12–19.)

The FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2; *accord Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016). The FAA further provides, as relevant here, that in any suit brought in federal court, "the

court . . . , upon being satisfied that the issue . . . is referable to arbitration . . . , shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Put simply, the FAA authorizes a stay of federal proceedings "where the court is satisfied that the issue before it is arbitrable under the agreement." *Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co., LLC*, 641 F. Supp. 2d 196, 202 (S.D.N.Y. 2009) (citation and quotation marks omitted).

Here, there is no dispute that Plaintiff and SJTC agreed to arbitrate claims arising out of the Contract and that the Contract's arbitration clause covers the claims in this Action; rather, Plaintiff argues only that SJTC waived its right to arbitration. (*See* Pl.'s Mem. 2–7.)[3]

---

[3] The Contract's mediation and arbitration clauses provide:

**§ 6.1 MEDIATION**
**§ 6.1.1** Any claim arising out of or related to this [Contract], except those waived in this [Contract], shall be subject to mediation as a condition precedent to binding dispute resolution.

. . .

**§ 6.2 BINDING DISPUTE RESOLUTION**
For any claim subject to, but not resolved by mediation pursuant to Section 6.1, the method of binding dispute resolution shall be as follows: . . .
    [X] Arbitration pursuant to Section 6.3 of this Agreement
    [ ] Litigation in a court of competent jurisdiction
    [ ] Other: *(Specify)*

**§ 6.3 ARBITRATION**
**§ 6.3.1** If the [Parties] have selected arbitration as the method of binding dispute resolution in Section 6.2, any claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association . . . . A demand for arbitration shall be made in writing, delivered to the other party to the [Contract], and filed with the person or entity administering the arbitration. The party filing a notice of demand must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded.

. . .

In determining whether a party has, through its litigation conduct, waived a contractual right to arbitration, the Court considers: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) (citation and quotation marks omitted); *see also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 229 (2d Cir. 2001) (same). Courts maintain a "strong presumption in favor of arbitration," and, accordingly, waiver "is not to be lightly inferred," *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104–05 (2d Cir. 2002) (citation and quotation marks omitted), and any doubts "are resolved in favor of arbitration," *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995) (citation omitted). "The key to a waiver analysis is prejudice," and waiver "may be found only when prejudice to the other party is demonstrated." *Thyssen*, 310 F.3d at 105 (citation and quotation marks omitted). Courts "recognize[] two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay." *La. Stadium*, 626 F.3d at 159 (citations omitted). "A party can demonstrate prejudice by showing that it suffered substantive prejudice to its legal position, such as when the party seeking arbitration loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or obtains information through discovery procedures not available

---

**§ 6.3.6** This agreement to arbitrate . . . shall be specifically enforceable under applicable law in any court having jurisdiction thereof. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Contract 8–9; *see also* Def.'s Mem. 13–14 (reprinting relevant Contract language).)

in arbitration." *Zendon v. Grandison Mgmt., Inc.*, No. 18-CV-4545, 2018 WL 6427636, at *3 (E.D.N.Y. Dec. 7, 2018) (citation, quotation marks, and alterations omitted).

As an initial matter, for the reasons stated above, Plaintiff has not satisfied its burden of showing that it has suffered substantive or cost- or time-related prejudice from the delay in *this* Action. Notwithstanding the fourteen-month period between Plaintiff's filing of the Complaint and Defendant's filing of a pre-motion letter seeking to stay the case for arbitration, (Dkt. No. 36), "delay alone does not establish waiver." *Murray v. UBS Sec., LLC*, No. 12-CV-5914, 2014 WL 285093, at *4 (S.D.N.Y. Jan. 27, 2014) (citing *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108 (2d Cir. 1997)); *see also Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (finding no waiver of arbitration right despite three-year delay in demand for arbitration); *Littlejohn v. Timberquest Park at Magic, LLC*, No. 14-CV-200, 2016 WL 541136, at *5 (D. Vt. Feb. 9, 2016) (noting that a twelve-month delay between initiation of suit and arbitration demand is "insufficient by itself to support a finding of waiver" (citation and quotation marks omitted)). Defendant has provided a reasonable explanation, discussed above, that at least partially explains the delay, and Plaintiff does not contest that explanation. *Cf. Galvstar Holdings, LLC v. Harvard Steel Sales, LLC*, No. 16-CV-7126, 2018 WL 6618389, at *3 (S.D.N.Y. Dec. 18, 2018) (finding waiver of arbitration right where there was a nearly two-year delay and where the defendant offered "no reasonable explanation as to why it waited this long, despite having ample opportunity to seek arbitration"). Further, and most importantly, given that only limited document discovery has occurred and that no substantive motions have been filed or court rulings made, Plaintiff fails to show substantive or cost-related prejudice. *See O'Meara v. IntePros Inc.*, No. 16-CV-1840, 2017 WL 3140359, at *6 (D. Conn. July 24, 2017) (finding no waiver of arbitration notwithstanding the defendant's "waiting nineteen months before filing this

motion to compel arbitration," because "[o]n this record," in which "the parties [have not] engaged in litigation on issues going to the merits of this case," the "plaintiffs have not shown prejudice"); *Murray*, 2014 WL 285093, at *5 (finding no waiver where there was over a ten-month delay because "the parties' litigation efforts during that time period were modest, and focused largely (if not exclusively) on [the defendants'] motion to dismiss" and "[n]o initial pretrial conference was held, nor was any case management plan or discovery schedule entered"); *cf. La. Stadium*, 626 F.3d at 159–60 (finding waiver where there was an eleven-month delay and the parties had engaged in substantial litigation); *Galvstar Holdings*, 2018 WL 6618389, at *4 (finding waiver where there was a two-year delay and where the party seeking arbitration "vigorously litigated arbitrable claims during that time, including filing a substantive motion to dismiss all claims"); *Bank of Am., N.A. v. Ocean Performance, Inc.*, No. 10-CV-1829, 2013 WL 943743, at *3 (D. Conn. Mar. 11, 2013) (finding waiver where the "[p]laintiff . . . incurred expenses during an extended discovery by conducting two depositions and retaining an expert, and has expended time and money on the preparation of a summary judgment motion," and where "such expenses were compounded by [the defendants'] actions in delaying the invocation of their right to arbitrate," including the defendants' multiple requests for extensions of time and failure to respond to discovery requests).

Nor has Plaintiff satisfied its burden of showing that it has suffered substantive or cost- or time-related prejudice resulting from SJTC's conduct *prior* to initiation of this Action. As Plaintiff points out, SJTC filed suit in January 2017 against PMRI in New York state court (the "State Court Action"), alleging, as here, claims relating to the Contract. (Pl.'s Mem. 3.) The State Court Action was voluntarily dismissed by SJTC one month later, in February 2017, "in light of the mediation and arbitration procedures set forth in the [C]ontract," (Pl.'s Decl. Ex. F

14

(2/13/2018 correspondence from SJTC to PMRI)), but only, Plaintiff emphasizes, after PMRI demanded SJTC submit to arbitration, (Pl.'s Mem. 4; Pl.'s Decl. Ex. C (2/1/2017 correspondence from PMRI to SJTC)), and the parties discussed waiving arbitration, (Pl.'s Decl. Exs. D, E (2/6/2017 and 2/8/2017 correspondence between Parties)).

A party's "initiation of a lawsuit does not, by itself, result in a waiver of arbitration." *La. Stadium*, 626 F.3d at 160. Only where the party "litigat[es] [the suit] at length" and "act[s] inconsistently with its contractual right to arbitration" is waiver inferred. *Id.* (citation and quotation marks omitted); *see also Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) (stating "the general rule that waiver of the right to arbitrate occurs when a party engages in protracted litigation that results in prejudice to the opposing party" (citation and quotation marks omitted)). Here, as Defendant argues, (Def.'s Mem. 17), it is clear that the State Court Action was not litigated at length because it was dismissed a month later without any meaningful litigation occurring. *See Zendon*, 2018 WL 6427636, at *3 (finding no waiver where the defendant filed a prior state court action against the plaintiff and, eleven months later, "voluntarily withdrew the action without prejudice, before [the] plaintiff filed an answer or other response" because such conduct did "not constitute 'protracted litigation' that prejudiced [the] plaintiff" (citation omitted)); *cf. PPG Indus.*, 128 F.3d at 108–09 (finding waiver where, inter alia, the parties "had engaged in discovery and had filed substantive motions in [a previous] action").

On balance, the Court concludes, in light of the "strong presumption in favor of arbitration," *Thyssen*, 310 F.3d at 104–05, that notwithstanding the delay in Defendant's application for a stay, this Action should be referred to arbitration pursuant to the Contract, particularly given that Plaintiff has failed to show that it has suffered prejudice as a result of the

15

delay, or will suffer prejudice by proceeding to arbitration. *See Chehebar v. Oak Fin. Grp., Inc.*, No. 14-CV-2982, 2017 WL 946292, at *3 (E.D.N.Y. Mar. 7, 2017) (granting motion to compel arbitration where the court concluded, "[b]ased on the totality of the circumstances, . . . that [the movant's] conduct [did] not overcome the strong presumption in favor of arbitration"); *Littlejohn*, 2016 WL 541136, at *3 ("The court finds that, in light of the FAA's preference for arbitration, [the party opposing arbitration] has not shown sufficient prejudice to overcome its 'heavy burden' of establishing waiver." (citation omitted)). Because "all of the claims in [this] [A]ction have been referred to arbitration and a stay requested," the Court is "mandate[d]" to stay proceedings. *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).

## III. Conclusion

For the foregoing reasons, Defendant and SJTC's Motion To Intervene and To Stay is granted. The case is stayed pending the conclusion of arbitration pursuant to the terms of the Contract. The Clerk of Court is respectfully requested to terminate the pending Motion. (Dkt. No. 63.)

SO ORDERED.

DATED:   August 30, 2019
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

16